IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-105-BO

| | |
|---|---|
| DARYL K. GIBSON, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | **ORDER** |
| ) | |
| CORNING INC., et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the plaintiff's motion to compel testimony [DE 21] and motion for admissibility [DE 22]. For the following reasons, the motions are DENIED.

## BACKGROUND

This matter concerns an employment discrimination suit filed by Mr. Gibson against his former employer, Corning, Inc. ("Corning") and who appear to be various former supervisors and co-workers of Mr. Gibson. Mr. Gibson claims that he suffered from race and sex discrimination while he worked at Corning that ultimately culminated in his termination.

Plaintiff is proceeding *pro se* in this matter. Although the complaint is inartfully pled and therefore it is unclear exactly which law plaintiff is proceeding under, he has attached to the complaint a copy of the dismissal and notice of rights issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on his charge [DE 1-3]. This suggests he is proceeding based upon a law that the EEOC enforces. Given the allegations of race and sex discrimination in the complaint, it is likely that plaintiff is proceeding under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

## DISCUSSION

Pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys and the Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Therefore, the Court considers the motions before it and the posture of this case while acknowledging plaintiff's *pro se* status. Defendants have filed an objection to several motions and documents that plaintiff has filed in this matter. [DE 24]. In their opposition, defendants object to documents 18–23 and state that they cannot understand what to make of the documents, do not know how to respond to the documents, and argue that they are not authorized by the Federal Rules of Civil Procedure[1] or this Court's scheduling order [DE 17]. Yet, defendants also claim to be making good-faith efforts to cooperate with the plaintiff and cite the Joint Rule 26(f) report and the scheduling order as evidence of this cooperation.

Having considered the filings, the Court notes that plaintiff appears to be particularly unfamiliar with the Court system and, although he has an idea of what he wants to obtain through discovery, has little idea as to how to go about obtaining it. To this extent it appears as though defense counsel has not been as cooperative as they would have the Court believe, for there is little before the Court that actually necessitates its involvement at this stage of the proceedings. The court addresses the documents and filings defendants object to in the order they appear on the docket.

Document 18 is handwritten by plaintiff on a complaint form that appears to originate from this Court. The form is titled "Amendment to Include Fraud and Concealment." The form lists several factual allegations and includes a prayer for relief at its conclusion. It does not take a

---

[1] Notably, defendants do not cite the specific Rules that plaintiff's filings supposedly violate.

stretch of the imagination to see that this document is clearly plaintiff's attempt to amend his complaint to include a claim for fraud and concealment. Further, it was filed on May 12, 2014 and the scheduling order specifically allows plaintiff to amend his complaint without leave of Court up until May 30, 2014. As such, plaintiff is clearly entitled to add this claim to his complaint. Although not done in the proper fashion, due to plaintiff's *pro se* status, the Court will allow it as an amended complaint but notes that it is to be read in addition to the original complaint. That is, it does not replace the original complaint as a stand-alone document, but rather adds an additional claim to the complaint.

Document 19 is a proposed subpoena form. However, it is unclear why plaintiff seeks a subpoena at this stage of the proceedings. Defendants should be providing plaintiff with the sought after discovery without the need for subpoenas. Further the form does not appear to be properly filled out. As such it is hereby struck from the record.

Document 20 is quite similar to Document 18 in that it is filled out on a blank complaint form of this Court. It is titled "Civil Fraud and Concealment and Intentional Misrepresentation False Pretenses." This document was filed on May 13, 2014, again, well before the scheduling order's deadline of May 30, 2014 to amend without leave of Court. Although the form seems to be somewhat incomplete, the Court will also include this in plaintiff's amendment to his complaint and it will be treated the same as Document 18 discussed previously.

Docket Entry 21 is composed of several documents which the Court now addresses. First [DE 21-3] is several subpoenas of individuals that were never issued by this Court. For the same reasons as discussed previously the subpoenas are struck. [DE 21] is two motions to compel the responses of a Wilimeana Hardy and a Larry Sutton. However, as no subpoenas for these two individuals have been issued, there is no basis for a motion to compel at this time. Accordingly

the motions to compel are denied without prejudice to their being refiled if ultimately necessary. [DE 21-1] is a proposed summons on a third-party complaint. There is no third party to this case and plaintiff cannot join a third-party defendant to the case. However, it appears that plaintiff was attempting to join Larry Sutton, who is listed as the Union Steward, as a defendant to this case. Again, this document was filed on May 13, 2014 before the scheduling order's deadline of May 30, 2014 to join parties to the case without leave of Court. Accordingly the Clerk is directed to issue a summons to Larry Sutton as a defendant in this case at the address listed on [DE 21-1].

Document 22, the motion for admissibility, is fairly incomprehensible. The Court is unsure of what plaintiff is attempting to do with this document and denies the motion as irrelevant. Document 23, the memorandum in support of [DE 22] is not of any help in understanding plaintiff's intent.

## CONCLUSION

For the foregoing reasons, plaintiff's motions are DENIED. The subpoenas at [DE 19] and [DE 21-2] are hereby STRUCK. The Clerk is DIRECTED to issue a summons to Larry Sutton as a defendant in this case at the address listed on [DE 21-1]. The amendments to the complaint at [DE 18] and [DE 20] are allowed and are added as amendments to the complaint as if they were writing into the original complaint. The parties are REMINDED that they are to comply with this Court's orders, including the Scheduling Order [DE 17], and all of the applicable Local Rules and Federal Rules of Civil Procedure in litigating this matter before the Court.

SO ORDERED, this __27__ day of October, 2014.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE